UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LONDON McDANIELS,

                                 **Plaintiff,**

    vs.                                                        3:21-CV-441
                                                                  (MAD/ML)

NICHOLAS MERTENS,

                                 **Defendant.**
_____

**APPEARANCES:**                                          **OF COUNSEL:**

**OFFICE OF EDWARD E. KOPKO**           **EDWARD E. KOPKO, ESQ.**
308 N. Tioga Street, 2nd Floor
Ithaca, New York 14850
Attorneys for Plaintiff

**NEW YORK STATE ATTORNEY**           **JORGE A. RODRIGUEZ, AAG**
**GENERAL - ALBANY**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

      On April 19, 2021, Plaintiff London McDaniels commenced this action under 42 U.S.C. § 1983 alleging that Defendant Nicholas Mertens violated his Fourteenth Amendment right to equal protection. *See* Dkt. No. 1. Plaintiff filed an amended complaint on July 23, 2021. *See* Dkt. No. 12. Plaintiff alleges that Defendant issued him a ticket for a defective brake lamp because of his race. *Id.* at ¶ 56. Presently before the Court is Defendant's motion to dismiss. *See* Dkt. No. 13. For the following reasons, the motion is granted.

## II. BACKGROUND

On February 26, 2020, Plaintiff was traveling west on New York State Route 79 near Lisle, New York. Dkt. No. 12 at ¶ 1. Defendant, a New York State Trooper, passed by Plaintiff while traveling east. *Id.* at ¶ 6. Within seconds of passing Plaintiff, Defendant executed a three-point turn and accelerated rapidly. *Id.* at ¶ 13. Defendant then followed Plaintiff closely for approximately five miles, pulled Plaintiff over near Richford, New York, and issued him a Uniform Traffic Ticket for a defective brake lamp.[1] *Id.* at ¶¶ 19, 20, 27. Plaintiff does not allege his brake lamp was properly working.

Plaintiff, a Black male, claims that Defendant, a white male, selectively performed a traffic stop and issued a ticket because of his race. *Id.* at ¶ 56.[2] Plaintiff alleges that he saw Defendant stare at him as they drove passed one another. *Id.* at ¶ 5. He also states that he was driving a 2003 Porsche Boxer, an "expensive car," and has been harassed by law enforcement officers in the past. *Id.* at ¶¶ 8, 10. Additionally, Plaintiff states that at the time Defendant decided to turn around and then accelerate, he could not have seen the defective brake lamp. *Id.* at ¶ 14. Plaintiff further points to the unnecessary five-mile period before Defendant executed a traffic stop. *Id.* at ¶ 19.

Plaintiff subsequently filed a written complaint to the New York State Police, stating that he was pulled over because he was Black and driving an expensive car. *Id.* at ¶ 28. The New York State Police investigated Plaintiff's claim and issued a report. *Id.* at ¶ 29. In the

---

[1] Plaintiff continuously refers to the violation as a defective taillight. Plaintiff, however, attached the ticket to the complaint. *See* Dkt. No. 12 at ¶ 27. As Defendant correctly points out, the ticket is for a defective brake lamp. *See id.*

[2] In his original complaint, Plaintiff makes clear that Defendant issued him a "fix-it ticket," which permitted Plaintiff to correct the violation within a specified period of time in order to avoid payment of a fine. See Dkt. No. 1 at ¶¶ 22-23. This information was not included in the amended complaint.

investigatory interview, Defendant stated that when he passed Plaintiff, he believed the car did not have a front license plate on it but did not plan on stopping Plaintiff for the violation. *Id.* at ¶ 30. Instead, Defendant stated he continued to the county line and turned around. *Id.* After catching back up with Plaintiff, he then observed an inoperable brake lamp and he waited for a safe location to effectuate the traffic stop. *Id.* Only once Defendant approached the vehicle, he told the investigator, did he realize that Defendant was Black and that he did have a front license plate. *Id.* Defendant, therefore, only gave Plaintiff a ticket for the inoperable brake lamp. *Id.*

Plaintiff claims Defendant lied to the investigators and the report wrongly absolved him. *See id.* at ¶ 50. Plaintiff states that the report failed to resolve why Defendant rapidly accelerated after turning around. *Id.* at ¶ 33. Additionally, Plaintiff claims that Defendant had no legitimate reason to turn around at the county line because, as a state trooper, he had "state-wide law enforcement authority." *Id.* at ¶ 34. Moreover, the report notes that during the approximately five-mile period where Defendant tailed Plaintiff, "there are multiple areas that a vehicle stop can be safely conducted." *Id.* at ¶ 40. Lastly, Plaintiff claims that Defendant lied about his initial belief that Plaintiff did not have a front license plate. *See id.* at ¶ 50. Plaintiff states that he was in a line of cars and Defendant would not have been able to observe a front license plate; that Defendant failed to record the absence of a front license plate as a reason for the stop; and that Defendant knew his vehicle was not equipped with an Automated License Plate Reader and could therefore safely lie about a mistaken belief of the existence of a license plate. *Id.* at ¶¶ 49, 50.

Accordingly, Plaintiff alleges Defendant's statement that he turned around at the county line and his belief that Plaintiff did not have a front license plate were fabricated to hide Defendant's racial profiling of Plaintiff. Plaintiff, therefore, asserts an "equal protection claim through selective enforcement" because the traffic stop was racially motivated. *Id.* at 2.

3

### III. DISCUSSION

**A.      Legal Standard**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement

to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed," *id.* at 570.

**B.   Selective Enforcement**

"The Equal Protection Clause requires that the government treat all similarly situated people alike." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).  Plaintiff's amended complaint asserts "an equal protection claim through selective enforcement."[3]  Dkt. No. 12 at 2. "To prevail on such a claim, a plaintiff must prove that '(1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person.'" *Hu v. City of New York*, 927 F.3d 81, 91 (2d Cir. 2019) (quoting *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995)); *see also Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234 (2d Cir. 2004).  "[R]ace discrimination claims require proof of both disparate treatment and racial animus." *Hu*, 927 F.3d at 94.

A plaintiff asserting a selective enforcement claim must present evidence of similarly situated comparators. *See Church of Am. Knights of the Ku Klux Klan v. Kerik*, 356 F.3d 197, 210 (2d Cir. 2004) ("A selective enforcement claim requires, as a threshold matter, a showing that

---

[3] According to the Second Circuit, "there are several ways for a plaintiff to plead intentional discrimination that violates the Equal Protection Clause." *Pyke v. Cuomo*, 258, F.3d 107, 109 (2d Cir. 2001) (quoting *Brown v. City of Oneonta*, 221 F.3d 329, 337 (2d Cir. 1999)).  Because Plaintiff's complaint explicitly and exclusively asserts a selective enforcement claim, the Court limits its analysis to selective enforcement.

the plaintiff was treated differently compared to others similarly situated").  Recently, the Second Circuit specified the similarity required between a plaintiff and a comparator in a selective enforcement claim:

> To satisfy this standard, "the plaintiff's and comparator's circumstances must bear a reasonably close resemblance."  *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 230 (2d Cir. 2014) (internal quotation marks omitted).  They need not, however, be "identical."  *Id.*  A plaintiff can prevail by showing that "she was similarly situated in all material respects to the individuals with whom she seeks to compare herself."  *Graham* [*v. Long Island Rail Road*], 230 F.3d [34,] 39 [(2d Cir. 2000)] (internal quotation marks omitted).

*Hu*, 927 F.3d at 96; *see also Hsin v. City of New York*, 779 Fed. Appx. 12, 15 (2d Cir. 2019).

Here, Plaintiff has failed to allege the existence of *any* comparator.  "[I]n stating a claim for a violation of equal protection rights, 'it is axiomatic that a plaintiff must allege that similarly situated persons have been treated differently.'"  *Samuel v. Excelsior Coll.*, No. 1:14-CV-456, 2014 WL 2105839, *4 (N.D.N.Y. May 20, 2014) (quoting *Gagliardi v. Village of Pawling*, 18 F.3d 188, 193 (2d Cir. 1994)).  The failure to allege a comparator requires the dismissal of Plaintiff's claim.  *See, e.g.*, *Eldars v. State University of New York at Albany*, No. 20-2693, 2021 WL 4699221, *3 (2d Cir. Oct. 8, 2021) (upholding dismissal where the plaintiff "failed to allege the existence of similarly situated comparators"); *Lanning v. City of Glens Falls*, 908 F.3d 19, 29-30 (2d Cir. 2018); *Lopez v. City of New York*, No. 15-CV-7292, 2018 WL 2744705, *11 (E.D.N.Y. June 7, 2018) ("[P]laintiffs have not pointed to the existence of any comparators.  Their equal protection claim must therefore be dismissed"); *Weinberg v. Vill. of Clayton, New York*, No. 5:17CV00021, 2018 WL 4214363, *19 (N.D.N.Y. Mar. 21, 2018).  Because Plaintiff has failed to

plead the existence of any comparators, he has failed to allege a plausible selective enforcement claim and it must be dismissed.[4]

## IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that the clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 7, 2022
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[4] In his memorandum of law in opposition to Defendant's motion, Plaintiff cites to a single case addressing the prohibition against selective enforcement under the Fourteenth Amendment. *See* Dkt. No. 15 at 7 (citing *Whren v. United States*, 517 U.S. 806, 810 (1996)). In *Whren*, the Supreme Court rejected the petitioners' argument that the underlying traffic stop was unreasonable under the Fourth Amendment because subjective intent of the officers is irrelevant to the probable cause determination under the Fourth Amendment. *See Whren*, 517 U.S. at 808-09. Rather, the Court held the Equal Protection Clause of the Fourteenth Amendment affords a "constitutional basis for objecting to intentionally discriminatory applications of laws ...." *Id.* at 813. The *Whren* case does not in any way address the required elements for a selective enforcement claim under the Fourteenth Amendment.

Moreover, the Court notes that, in addition to citing only a single, marginally relevant case, Plaintiff provides a single sentence addressing the merits in opposition to Defendant's motion to dismiss. Specifically, Plaintiff argues as follows: "McDaniels contends that Mertens, as set forth in the amended complaint, all of which must be accepted as true, stopped, and seized him solely based upon McDaniels' race, and no other reason." Dkt. No. 15 at 7. This single conclusory sentence, which in no way addresses Plaintiff's failure to allege the existence of any comparator as discussed in Defendant's motion to dismiss, further highlights the fact that dismissal is appropriate.